IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| JERRY LEE HOLLAND | § | |
|---|---|---|
| | § | |
| v. | § | 1:13-CV-16 |
| | § | |
| JOHN O. WRIGHT | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case is assigned to the Hon. Ron Clark, United States District Judge, and was referred for pretrial matters to the undersigned United States Magistrate Judge, pursuant to a Referral Order entered on January 10, 2013. Pending before the Court are the Defendant's "Motion to Dismiss" (Doc. No. 3) and "Motion for More Definite Statement" (Doc. No. 5). For the reasons stated below, the Defendant's motions should be denied.

### I. Background

For purposes of this Report and Recommendation only, the undersigned considers the well-pleaded factual allegations in the Plaintiff's Amended Complaint to be true.

The Plaintiff in this case is Jerry Lee Holland. Holland states that from December 1, 2011 through March 1, 2012 and April 1, 2012 through July 10, 2012, he conducted maintenance work for Defendant John O. Wright. (Doc. No. 9 at 1.) The Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce, and the Plaintiff's work was essential to the Defendant's business. Id. at 1-2. The Plaintiff classifies the Defendant as an "employer" as defined by 29 U.S.C. § 203(d). Id. at 1. The Defendant paid Holland $200 per week for 40 hours of work and provided him with a free RV rental lot with utilities included. Id. at 2. Holland asserts that every week of his employment he worked in excess of 40 hours and

the Defendant intentionally failed to pay him for this overtime. Id. He further states that during one or more weeks of his employment, the Defendant failed to pay him the federally mandated minimum wage for each hour worked during the workweek. Id.

## II. Jurisdiction and Venue

The Plaintiff seeks recovery pursuant to 29 U.S.C. § § 206, 207. For actions brought under these statutory provisions, the Court has subject-matter jurisdiction predicated upon federal question jurisdiction. See 28 U.S.C. § 1331; 29 U.S.C. § 216(b). For the state law cause of action brought under the Texas Minimum Wage Act, the Court has subject-matter jurisdiction predicated upon supplemental jurisdiction. See 28 U.S.C. § 1367(a). Venue is proper because the events giving rise to the above claims occurred within the confines of this district. See 28 U.S.C. § 1391.

## III. Legal Standard

*A. Rule 12(b)(6) Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). When a court analyzes a Rule 12(b)(6) motion, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). A court should grant such a motion only when the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

B. *Rule 12(e) Standard*

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of the pleadings to which a responsive pleading is allowed when the pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement…before responding." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). Motions for a more definite statement are generally disfavored because "in view of the great liberality of Federal Rule of Civil Procedure 8… it is clearly the policy of the Rules that Rule 12(e) should not be used to…require a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Source Data Acquisition, LP v. Talbot Grp., Inc., 4:07-CV-294, 2008 WL 678645, at *2 (E.D. Tex. Mar. 11, 2008) (Schell, Dist. J.) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). In addition, "when a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." Hoffman v. Cemex, Inc., No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing Arista Records LLC v. Greubel, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006)). "Nevertheless, parties

may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading."
Id.

## IV. Analysis

The Defendant filed a Motion to Dismiss or in the alternative, Motion for More Definite Statement, arguing that the facts offered by the Plaintiff in his Amended Complaint are too sparse to state a claim and must be dismissed or otherwise clarified. (Doc. Nos. 3, 5.) In response, the Plaintiff asserts that he has sufficiently pleaded facts supporting a plausible claim placing the Defendant on notice that he is being sued for overtime and minimum wage violations. (Doc. No. 13 at 5.)

In his Amended Complaint, the Plaintiff states that he worked for the Defendant from December 1, 2011 until March 1, 2012 and then from April 1, 2012 until July 10, 2012 as a maintenance worker. (Doc. No. 9 at 2.) The Plaintiff classifies the Defendant as an "employer" as defined by 29 U.S.C. § 203(d). Id. at 1. He further states that he was paid at a rate of $200 per week for forty hours of work and was provided a RV rental lot with utilities included. Id. The Plaintiff then alleges that Defendant intentionally failed to pay him overtime, although he worked overtime hours every week of his employment. Id. He also accuses the Defendant of intentionally failing to pay him the federally and state mandated minimum wage during one or more weeks of his employment. Id. Finally, he alleges that these violations are actionable under the Fair Labor Standards Act and the Texas Minimum Wage Act. Id. at 2-5.

A. *Rule (12)(b)(6)*

The facts provided by the Plaintiff are sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570. The Plaintiff's assertions that he worked over 40

hours in a work week and was not paid overtime or minimum wage are not legal conclusions, but rather factual allegations that if proven give rise to a plausible claim for relief. Hoffman, 2009 WL 4825224, at *3 (citing Qureshi v. Panjwani, No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009) (finding that plaintiffs had pleaded sufficiently to state a claim where they alleged that they were employed by the defendants, that they did the work ordinarily performed by nonexempt workers and that "they were required to work in excess of a forty-hour work week without overtime compensation.")); See Richardson v. Wells Fargo Bank, No. H-11-0738, 2011 WL 2037604, at *1 (S.D. Tex. May 20, 2011)(finding that the Plaintiff asserted a plausible claim for relief where he alleged that he was improperly classified as non-exempt, regularly worked more than forty hours per week, and was not paid overtime compensation for those additional hours). The Plaintiff is "not required to plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." Solis v. Time Warner Cable San Antonio, No. 10-CA-0231-XR, 2010 WL 2756800, at *2 (W.D. Tex. Jul. 13, 2010).

In his Motion to Dismiss, the Defendant states that the "Plaintiff's complaint is lacking any detail regarding whether the Plaintiff is a non-exempt employee" (Doc. No. 3 at 3), and in his Answer to the Plaintiff's Amended Complaint, the Defendant states that the Plaintiff was an independent contractor not covered under the FLSA (Doc. No. 11 at 3). However, the Plaintiff is not required to state specific facts proving he was a non-exempt employee covered under the FLSA for his claim to survive a motion to dismiss. See e.g. McCollim v. Allied Custom Homes, Inc., et al., No. H-08-3754, 2009 WL 1098459 at *3 (S.D. Tex. April 23, 2009) (The court denied the defendant's motion to dismiss where they moved to dismiss on the ground that the plaintiff failed to allege detailed facts that would establish that she was an employee rather than an

independent contractor and that she was non-exempt, stating that "this standard overstates what is required under Rule 8(a).").

If the Plaintiff's factual allegations stated above were proved to be true, he would have a plausible claim for relief. Discovery is the proper forum for the Defendant to extract the details that he is seeking from the Plaintiff. Accordingly, the Defendant's Motion to Dismiss should be dismissed.

*B. Rule 12(e)*

For the reasons discussed above, the information is not so vague that the Defendant cannot prepare a response. The facts pleaded by the Plaintiff sufficiently put the Defendant on "fair notice of what the claim is and the grounds on which it rests." Hoffman, 2009 WL 4825224, at *4. The allegations in the existing complaint provide the Defendant with the information he needs to respond to the complaint and begin defending the action. Id. Accordingly, the Defendant's Motion for More Definite Statement should also be dismissed.

## V. Recommendation

For the reasons stated above, the Defendant's Motion to Dismiss (Doc. No. 3) and Motion for a More Definite Statement (Doc. No. 5) should be denied.

## VI. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report

is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 28th day of August, 2013.

_____
Zack Hawthorn
United States Magistrate Judge